**Rule 1.17    Sale of Law Practice**

A lawyer or law firm may, for consideration, sell or purchase a law practice, **or an area of practice,** including good will, if the following conditions are satisfied:

(a)    The seller ceases to engage in the private practice of law**, or in the area of practice that has been sold,** in Pennsylvania; **however, the seller is not prohibited from assisting the purchaser in the orderly transition of active client matters for a reasonable period after the closing without a fee.**

(b)    The seller sells the **entire** practice**, or the entire area of practice, to one or more lawyers or law firms. [as an entirety to a single lawyer. For purposes of this Rule, a practice is sold as an entirety if the purchasing lawyer assumes responsibility for all of the active files except those specified in paragraph (g) of this Rule.]**

(c)    **[Actual written notice is given to each of the seller's clients, which notice must include at a minimum] The seller gives written notice to each of the seller's clients, which notice must include at a minimum**:

(1)    notice of the proposed transfer of the client's representation, including the identity and address of the **[purchasing lawyer] purchaser**;

(2)    a statement that the client has the right to representation by the **[purchasing lawyer] purchaser** under the preexisting fee arrangements;

(3)    a statement that the client has the right to retain other counsel or to take possession of the file; and

(4)    a statement that the client's consent to the transfer of the representation will be presumed if the client does not take any action or does not otherwise object within 60 days of receipt of the notice.

**If a client cannot be given notice, the representation of that client may be transferred to the purchaser only upon entry of an order so authorizing by a court having jurisdiction.  The seller may disclose to the court in camera information relating to the representation only to the extent necessary to obtain an order authorizing the transfer of a file.**

(d)    The fees charged clients shall not be increased by reason of the sale. Existing agreements between the seller and the client concerning fees and the scope of work must be honored by the purchaser, unless the client gives informed consent confirmed in writing.

(e)     The agreement of sale shall include a clear statement of the respective responsibilities of the parties to maintain and preserve the records and files of the seller's practice, including client files.

(f)     In the case of a sale by reason of disability, if a proceeding under Rule 301 of the Pennsylvania Rules of Disciplinary Enforcement has not been commenced against the **[selling lawyer]** <u>seller</u>, the **[selling lawyer]** <u>seller</u> shall file the notice and request for transfer to voluntary inactive status, as of the date of the sale, pursuant to Rule 219(j) thereof.

(g)     The sale shall not be effective as to any client for whom the proposed sale would create a conflict of interest for the purchaser or who cannot be represented by the purchaser because of other requirements of the Pennsylvania Rules of Professional Conduct or rules of the Pennsylvania Supreme Court governing the practice of law in Pennsylvania, unless such conflict, requirement or rule can be waived by the client and the client gives informed consent.

(h)     For purposes of this Rule**[:]<u>, the term "seller" means an individual lawyer or a law firm that sells a law practice or an area of law practice, and includes both the personal representative or estate of a deceased or disabled lawyer and the deceased or disabled lawyer, as appropriate.</u>**

**[(1) the term ''single lawyer'' means an individual lawyer or a law firm that buys a law practice, and]**

**[(2) the term ''seller'' means an individual lawyer or a law firm that sells a law practice and includes both the personal representative or estate of a deceased or disabled lawyer and the deceased or disabled lawyer, as appropriate.]**

(i)     Admission to or withdrawal from a law partnership or professional association, retirement plan or similar arrangement or a sale limited to the tangible assets of a law practice is not a sale or purchase for purposes of this Rule 1.17.

**Comment:**

[1]     The practice of law is a profession, not merely a business. Clients are not commodities that can be purchased and sold at will. Pursuant to this Rule, when a lawyer or a law firm ceases to engage in the private practice of law **or ceases to practice in an area of law** in Pennsylvania and **[another lawyer]** <u>other lawyers</u> or **[firm takes]** <u>firms take</u> over the representation of the clients of the seller, the seller, including the personal representative or estate of a deceased or disabled lawyer, may obtain compensation for the reasonable value of the practice similar to withdrawing partners of law firms. See Rules 5.4 and 5.6. Admission to or retirement from a law partnership or professional association, retirement plans and similar arrangements, and

a sale of tangible assets of a law practice, do not constitute a sale or purchase governed by this Rule.

**[Sale of Entire Practice] <u>Termination of Practice by the Seller</u>**

[2]     The requirement that all of the private practice**, or all of an area of practice,** be sold is satisfied if the seller in good faith makes the entire practice**, or the area of practice,** available for sale to the **[purchaser] <u>purchasers</u>**. The fact that a number of the seller's clients decide not to be represented by the **[purchaser] <u>purchasers</u>** but take their matters elsewhere, therefore, does not result in a violation of this Rule.  **<u>Return to private practice as a result of an unanticipated change in circumstances does not necessarily result in a violation.  For example, a lawyer who has sold the practice to accept an appointment to a judicial office does not violate the requirement that the sale be attendant to cessation of practice if the lawyer later resumes private practice upon being defeated in a contested or a retention election for the office or resigns from a judiciary position.</u>**

**[Single Purchaser]**

**<u>[3]     The requirement that the seller cease to engage in the private practice of law does not prohibit employment as a lawyer on the staff of a public agency or a legal services entity that provides legal services to the poor, or as in-house counsel to a business.</u>**

**<u>[4]     This Rule also permits a lawyer or law firm to sell an area of practice.  If an area of practice is sold and the lawyer remains in the active practice of law, the lawyer must cease accepting any matters in the area of practice that has been sold, either as counsel or co-counsel or by assuming joint responsibility for a matter in connection with the division of a fee with another lawyer as would otherwise be permitted by Rule 1.5(e).  For example, a lawyer with a substantial number of estate planning matters and a substantial number of probate administration cases may sell the estate planning portion of the practice but remain in the practice of law by concentrating on probate administration; however, that practitioner may not thereafter accept any estate planning matters. Although a lawyer who leaves this jurisdiction typically would sell the entire practice, this Rule permits the lawyer to limit the sale to one or more areas of the practice, thereby preserving the lawyer's right to continue practice in the areas of the practice that were not sold.</u>**

**<u>Sale of Entire Practice or Entire Area of Practice</u>**

**[[3]] <u>[5]</u>**    This Rule requires **[a single purchaser] <u>that the seller's entire practice, or an entire area of practice, be sold.</u>** The prohibition against **[piecemeal]** sale of **[a] <u>less than an entire</u>** practice **<u>area</u>** protects those clients whose matters are less lucrative and who might find it difficult to secure other counsel if a sale could be limited to substantial fee generating matters. The **[purchaser is] <u>purchasers are</u>**

3

required to undertake all client matters in the practice, **or practice area,** subject to client consent. If, however, the purchaser is unable to undertake all client matters because of nonwaivable conflicts of interest, other requirements of these Rules or rules of the Supreme Court governing the practice of law in Pennsylvania, the requirement **[that there be a single purchaser]** is nevertheless satisfied.

**Client Confidences[, Consent and Notice]**

      **[[4]] [6]**      Negotiations between seller and prospective purchaser prior to disclosure of information relating to a specific representation of an identifiable client no more violate the confidentiality provisions of Rule 1.6 than do preliminary discussions concerning the possible association of another lawyer or mergers between firms with respect to which client consent is not required. See Rule 1.6(c)(6) and (7). Providing the purchaser access to the client-specific detailed information relating to the representation, such as the client's file, however, requires client consent. The Rule provides that before such information can be disclosed by the seller to the purchaser the client must be given **[actual]** written notice of the contemplated sale and file transfer including the identity of the purchaser and any proposed change in the terms of future representation, and must be told that the decision to consent or make other arrangements must be made within 60 days. If **[actual]** notice is given, and the client makes no response within the 60 day period, client consent to the sale will be presumed.

**Notice and Consent**

      **[[5]] [7]**      **Once an agreement is reached between the seller and the purchaser, the client must be given written notice of the contemplated sale and file transfer including the identity of the purchaser, and must be told that the decision to consent or make other arrangements must be made within 60 days. If notice is given, and the client makes no response within the 60 day period, client consent to the sale will be presumed.**  The Rule provides the minimum notice to the seller's clients necessary to make the sale effective under the Rules of Professional Conduct. The **[person responsible for notice]** **seller** is encouraged to give sufficient information concerning the purchasing law firm or lawyer who will handle the matter so as to provide the client adequate information to make an informed decision concerning ongoing representation by the purchaser. Such information may include without limitation the **[buyer's]** **purchaser's** background, education, experience with similar matters, length of practice, and whether the **[lawyer(s) are]** **purchaser is** currently licensed in Pennsylvania.

      **[[6]] [8]**      No single method is provided for the giving of **[actual]** written notice to the client under paragraph (c). It is up to the **[person undertaking to give notice]** **seller** to determine the most effective and efficient means for doing so. For many clients, certified mail with return receipt requested will be adequate. However, with regard to other clients, this method may not be the best method. It is up to the **[person responsible for giving notice]** **seller** to make this decision.

**[[7]** The party responsible for giving notice is likewise not identified in the Rule. In many cases the seller will undertake to give notice. However, the Rule permits the purchasing lawyer or law firm to fulfill the notice requirement.]

**[[8]] [9]** All of the elements of client autonomy, including the client's absolute right to discharge a lawyer and transfer the representation to another, survive the sale of the practice **or area of practice**.

## Fee Arrangements Between Client and Purchaser

**[[9]] [10]** The sale may not be financed by increases in fees charged to the clients of the practice. This protection is underscored by both paragraph (c)(2) and paragraph (d). Existing agreements between the seller and the client as to the fees and the scope of the work must be honored by the purchaser, unless the client gives informed consent confirmed in writing.

## Other Applicable Ethical Standards

**[[10]] [11]** Lawyers participating in the sale of a law practice **or a practice area** are subject to ethical standards applicable to involving another lawyer in the representation of a client. These include, for example, the seller's obligation to exercise competence in identifying a purchaser qualified to assume the practice and the purchaser's obligation to undertake the representation competently (see Rule 1.1); the obligation to avoid disqualifying conflicts, and to secure **[client] the client's** informed consent for those conflicts which can be waived by the client (see Rule 1.7 regarding conflicts and Rule 1.0(e) for the definition of informed consent); and the obligation to protect information relating to the representation. See Rules 1.6 and 1.9.

**[[11]] [12]** If approval of the substitution of the purchasing attorney for the selling attorney is required by the Rules of any tribunal in which a matter is pending, such approval must be obtained before the matter can be included in the sale. See Rule 1.16.

## Applicability of the Rule

**[[12]] [13]** This Rule applies to the sale of a law practice by representatives of a deceased**[,] or** disabled **[or disappeared]** lawyer. Thus, the seller may be represented by a non-lawyer representative not subject to these Rules. Since, however, no lawyer may participate in the sale of a law practice which does not conform to the requirements of this Rule, the representatives of the seller as well as the **[purchasing lawyer] purchaser** can be expected to see to it that they are met.

**[[13]] [14]** This Rule does not apply to transfers of legal representation between lawyers when such transfers are unrelated to the sale of a practice **or an area of practice**.